# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Senaida Deaguero** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:10CR01660-002JB**<br>USM Number: **54311-051**<br>Defense Attorney: **Martin Lopez, III, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **2 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(C) | Distribution of Heroin | 03/07/2010 | 2 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**January 28, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**March 12, 2011**
Date Signed

Defendant: **Senaida Deaguero**
Case Number: **1:10CR01660-002JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **3 months**.

**The Court incorporates its sentencing Memorandum Opinion and Order in United States v. Senaida Deaguero, CR 10-1660-JB-2, filed March 10, 2011 (Doc. 90). As that opinion and order demonstrates, the Court has carefully considered the case`s circumstances. The Court will accept the plea agreement in the case, with the exception of the stipulation as to the minimal participant adjustment. The Court has reviewed the PSR and its findings. The Court will accept the PSR`s factual findings, with the changes to paragraphs 15, 17, and 24, which relate to the number of times that Defendant Senaida Deaguero admitted to selling heroin with Martinez. The Court has reviewed the PSR`s sentencing guideline applications. The Court accepts these applications, with an adjustment to paragraph 27, which calculates a 4-level reduction for role adjustment, because the Court has found that no role adjustment is appropriate, and with an adjustment to paragraph 30, which calculates a 2-level reduction for acceptance of responsibility, so that it now includes a 3-level reduction for acceptance of responsibility. Because the Court finds no role adjustment appropriate, the offense level, before a reduction for acceptance of responsibility, is 16. Because the offense level is 16, Deaguero is entitled to a 3-level reduction rather than 2, which is available to those with offense levels above 16. See U.S.S.G. § 3E1.1 (stating that, if the defendant demonstrates acceptance of responsibility, decrease the offense level by 2 levels, and that, if the defendant qualifies for a decrease and his or her offense level before the decrease is 16 or greater, and "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct," decrease the defendant`s offense level by 1 additional level). With these adjustments, Deaguero`s total offense level is 13. The Court has also considered the factors set forth in 18 U.S.C. § 3553(a). Deaguero`s offense level is 13, and her criminal history category is II, establishing a guideline imprisonment range of 15 to 21 months. The Court notes that Deaguero sold 17.8 net grams of heroin to a confidential source.**

**The Court has carefully considered the guidelines, but in arriving at its sentence, it has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After carefully considering the facts and circumstances of the case, the Court believes that the punishment that is set forth in the advisory guideline range is not appropriate for this sort of offense. The Court has considered the kinds of sentences and ranges that the guidelines establish, and the Court believes that a sentence that varies approximately 4 offense levels is more appropriate than a sentence of 15 to 21 months. With a variance of approximately 4 offense levels, Deaguero`s offense level would approximate a sentence with an offense level of 9, which, with her criminal history category of II, would provide a guideline sentencing range of 6 to 12 months. While the Court does not believe Deaguero is entitled to a minimal participant reduction under the guidelines, it believes she is not substantially less culpable than the average participant in the criminal enterprise and because she likely is the average participant, nevertheless, she is not the most important player in the criminal enterprise and is not a major drug dealer in Espanola. The Court believes that a sentence in the nature of 6 to 12 months is more appropriate to reflect the seriousness of the offense, promote respect for the law, and to provide a just punishment. The Court takes into account the problems with the confidential informant in this case, who was using the heroin he was supposed to be buying in an undercover capacity. The confidential informant also induced Martinez to resume using heroin and threatened her to encourage her to facilitate sales of heroin to him. The Court believes that this sentence affords adequate deterrence, both on a specific level as to Deaguero and also to the public. For the past seven months, Deaguero has resided at La Pasada Halfway House. During this time she has not tested positive for illegal substances or alcohol. She has been gainfully employed. The Court believes that a sentence in the guideline range of 6 to 12 months is sufficient to protect the public, and, because of some of the things the Court will impose as far as conditions of supervised release, the Court believes that a sentence in this range effectively provides Deaguero with some needed education, training and care to help her overcome some of the problems she has. The parsimony clause weighs in favor of a 6-months sentence. While Deaguero wants to be released immediately, the Court has sentenced Martinez to a sentence of 12 months and 1 day, and Vigil to a sentence of 224 days or time served, whichever is less, and Deaguero is more culpable than Vigil. See PSR ¶ 18, at 7 ("[I]t appears Martinez was more culpable than Deaguero and Vigil, Martinez . . . provid[ed] the heroin and directed others in the transactions. Deaguero was delegated to selling heroin for Martinez, and Vigil appears the least culpable. Deaguero was instructed by Martinez and Deaguero`s gain was the amount provided for Vigil`s drug habit."). She needs to spend some time in imprisonment to avoid unwarranted sentencing disparities among similarly situated defendants, especially in comparison with Vigil`s sentence. Under U.S.S.G. § 5C1.1, the Court will split the sentence. An offense level of 9 and a criminal history category of II establishes a sentence in zone B of the guidelines. U.S.S.G. § 5C1.1 states that a sentence in zone B may be satisfied by a sentence of imprisonment which includes a term of supervised release with a condition that substitutes one day of home detention for one day of imprisonment, provided that at least a month is satisfied by imprisonment. See U.S.S.G. § 5C1.1(c), (e). The Court will commit Deaguero to the custody of the Bureau of Prisons**

for a term of three months. The Court believes that some incarceration is necessary to fulfill the factors set forth in 18 U.S.C. § 3553(a), but the Court believes that a 3-month incarceration is sufficient, given her performance on pre-trial custody. The Court imposes home confinement for the other 3 months. The Court believes that this sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that this sentence balances the factors in 18 U.S.C. § 3553(a) appropriately and is a reasonable sentence. The Court further concludes that this sentence is sufficient without being greater than necessary to comply with the purposes set forth in the Sentencing Reform Act.

☒   The court makes the following recommendations to the Bureau of Prisons:

   **The Court recommends a local facility, if eligible.**

☐   The defendant is remanded to the custody of the United States Marshal.
☒   The defendant shall surrender to the United States Marshal for this district:
   ☐   at  on
   ☒   as notified by the United States Marshal.
☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐   before 2 p.m. on
   ☐   as notified by the United States Marshal
   ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Senaida Deaguero**
Case Number: **1:10CR01660-002JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Senaida Deaguero**
Case Number: **1:10CR01660-002JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under her control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must submit to a search of her person, property, or automobile under her control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting alcohol, drugs, or any illegal contraband at the direction of the probation officer. She must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. She must not frequent places where alcohol is the primary item for sale.**

**The defendant shall have no contact with the co-defendants in this case.**

**The Defendant must participate in and successfully complete home detention for a period of 3 months under the location monitoring program. While in the program the Defendant will be monitored with the Radio Frequency (RF) technology. The Defendant may be required to pay a portion or all costs of the program.**

Defendant: **Senaida Deaguero**
Case Number: **1:10CR01660-002JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or

B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.